NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0417n.06
Filed: June 21, 2006

No. 05-1366

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ROLL RITE CORP.,                              )
                                              )
    Plaintiff-Appellant,                      )
                                              )
                                              )   ON APPEAL FROM THE
v.                                            )   UNITED STATES DISTRICT
                                              )   COURT FOR THE WESTERN
AUTOMATED INTEGRATED SYS., INC.,              )   DISTRICT OF MICHIGAN
                                              )
    Defendant-Appellee.                       )
                                              )

BEFORE: KEITH, MERRITT, and DAUGHTREY, Circuit Judges.

ORDER

**PER CURIAM**. Plaintiff-Appellant, Roll Rite Corporation ("Roll Rite"), appeals the district

court's grant of summary judgment to Defendant-Appellee, Automated Integrated Systems, Inc.

("AIS"). Roll Rite brought a claim alleging trade dress infringement in violation of § 43(a) of the

Lanham Act, 15 U.S.C. § 1125, and state unfair competition claims against AIS. Defendant-

Appellee AIS moved for summary judgment on the ground that Roll Rite's alleged trade dress was

functional and thus not entitled to trade dress protection. The district court – in an opinion written

by District Judge Robert H. Bell – granted AIS's motion for summary judgment finding that Roll

Rite failed to meet its burden of demonstrating non-functionality and thus did not establish the

existence of an essential element of its trade dress case. On appeal, Roll Rite contends that the

district court erred in granting AIS's motion for summary judgment. Roll Rite also separately

argues that the district court erred in failing to compel discovery of information pertaining to the

source of AIS's allegedly infringing product, and instead, granting AIS a protective order.

**I.**

We review the grant of summary judgment *de novo* and affirm if the evidence, viewed in the light most favorable to the nonmoving party, shows no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Richardson v. Twp. of Brady*, 218 F.3d 508, 512 (6th Cir. 2000). We have carefully reviewed the record supplied to us on appeal, the parties' briefs, the decision below, and had the benefit of oral argument by all parties to this case. Because the district court fully addressed Roll Rite's claims and correctly disposed of them in a thorough written opinion, we conclude that issuance of an opinion by this Court would be duplicative and serve no useful purpose. Therefore, we **AFFIRM** the grant of summary judgment to AIS on the basis of Judge Bell's well-reasoned opinion.

**II.**

Finally, we also summarily reject Roll Rite's argument that the district court erred in denying Roll Rite's motion to compel discovery and in granting a protective order to AIS. "[T]his court reviews the denial of a motion to compel for an abuse of discretion." *Ventura v. Cincinnati Enquirer*, 396 F.3d 784, 789 (citation omitted). *See also Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993) (finding the scope of discovery within the discretion of the trial court).

On August 13, 2004, Roll Rite filed a motion to compel discovery and the imposition of sanctions against AIS for failing to comply with Roll Rite's discovery requests. In response to Roll Rite's motion to compel, on August 31, 2004, AIS filed a motion for a protective order limiting the scope of discovery. After a full briefing and hearing, the magistrate judge denied Roll Rite's motion to compel and granted AIS's request for a protective order. Thereafter, the district court denied Roll Rite's motion for reconsideration of this decision. It is this decision that Roll Rite argues on

appeal constitutes reversible error.  We disagree.

After a careful review of the record, we conclude that the magistrate judge did not clearly err when it denied Roll Rite's  motion to compel and granted a partial protective order to AIS.  The magistrate judge had before it evidence indicating that Roll Rite was engaging in abusive discovery and planning a strike suit as a result of this litigation.  The magistrate exercised its discretion to control discovery and thus made the decision to deny Roll Rite's request and to grant AIS's request.  The district court did not abuse its discretion or commit clear error in its review of that decision.  Therefore, we reject Roll Rite's argument and **AFFIRM** the district court.